NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NATIONAL LABOR RELATIONS BOARD,

Petitioner-Appellee,

v.

LORI IRISH,

Respondent-Appellant.

No. 18-15063

D.C. No. 2:12-cv-01747-LRH-CWH

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted December 2, 2020[**]

Before:    WALLACE, CLIFTON, and BRESS, Circuit Judges.

Lori Irish appeals pro se from the district court's orders on the National

Labor Relations Board's ("NLRB") renewed motion for disbursement of funds

pursuant to garnishment in the NLRB's action under 28 U.S.C. § 3205.  We have

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We vacate and remand.

In its November 17, 2017 order, the district court granted the NLRB's renewed motion for disbursement of funds and denied Irish's motions seeking release of seized funds after finding that Irish had a substantial nonexempt interest in the subject account held with garnishee J.P. Morgan Chase Bank. *See* 28 U.S.C § 3205(a).

In its February 5, 2019 order, the district court vacated its November 17, 2017 order and directed the NLRB to remit $1,319.58 to Irish, in light of an intervening change in Nevada law increasing the personal property exemption limit for a judgment debtor. *See* Nev. Rev. Stat. § 21.90(1)(z).

On appeal, Irish primarily argues that the NLRB failed to comply with the district court's February 5, 2019 order because the Board remitted only $996.51 to her. However, because this issue was not litigated before the district court, we remand for the district court to determine in the first instance whether the Treasury Offset Program, 31 U.S.C. § 3720A(a), applies to the distribution of garnished funds, and whether the NLRB properly remitted only $996.51 to Irish.

We do not consider Irish's challenge to the judgment underlying this garnishment action. This court previously denied Irish's motion for reconsideration of the judgment enforcing the NLRB's August 27, 2010 order. *See* Docket Entry No. 15 in Case No. 11-70269.

18-15063

We reject as without merit Irish's contention that the garnishment was obtained by fraud.

The parties shall bear their own costs on appeal.

**VACATED and REMANDED.**